# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR MELENDEZ, | ) NO. CV 09-2463 AHM (FMO) |
| Petitioner, | ) |
| v. | ) **ORDER TO SHOW CAUSE** |
| STATE OF CALIFORNIA, | ) |
| Respondent. | ) |

By its own terms, 28 U.S.C. § 2254 provides, in relevant part, that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person <u>in</u> <u>custody</u> pursuant to the judgment of a State court only on the ground that he is <u>in</u> <u>custody</u> in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). Thus, subject matter jurisdiction over petitions filed under § 2254 exists only when the petitioner is "in custody" under the conviction being challenged at the time the petition is filed. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925 (1989); <u>Quintana v. Lundgren</u>, 2005 WL 950550, at *1 (C.D. Cal. 2005). While the "in custody" requirement does not require actual physical incarceration, it does divest federal courts of jurisdiction over petitions filed after the sentence imposed on the challenged conviction has "fully

expired." Maleng, 490 U.S. at 491-92, 109 S.Ct. at 1925-26; see also Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401, 121 S.Ct. 1567, 1573 (2001) ("[The petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

On April 8, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner has submitted documentation showing that the sentence imposed on his 1992 conviction expired in 1995. (See Petition at 1 & Exh. D).[1] Thus, at the time petitioner filed his Petition challenging his 1992 conviction, he clearly was not "in custody" on the conviction within the meaning of 28 U.S.C. § 2254. Accordingly, the court is without jurisdiction to entertain a habeas action directly challenging his conviction.[2] See Maleng, 490 U.S. at 491-92, 109 S.Ct. at 1925-26.

However, before taking affirmative steps to dismiss the case, the court will afford the parties the opportunity to address whether there are any continuing collateral consequences as a result of petitioner's incarceration sufficient to satisfy the "case or controversy" requirements of Article III, § 2 of the United States Constitution.

Accordingly, IT IS ORDERED THAT:

1. Should petitioner wish to contend that this action has not been rendered moot by the expiration of his sentence, he shall, no later than **May 14, 2009**, file with the court and serve on respondent a Memorandum Re: Change in Custody Status ("Memorandum"), setting forth all collateral consequences resulting from his incarceration by respondent that he believes still exist.

---

[1] The court sequentially numbers the pages in the Petition, i.e., 1-24.

[2] It also appears that the California Court of Appeal has already remedied petitioner's claim that his "Fourteenth and Fifth Amendment Rights were . . . violated when the Clerk of the Court erroneously entered into the record that Petitioner was convicted under [Health & Safety Code] Section 11352(A)[.]" (Petition at 20-21); see People v. Melendez, 2008 WL 4594507, at *2 (Cal. Ct. App. 2008) (unpublished opinion) ("The trial court is directed to prepare an amended abstract of judgment reflecting that [petitioner] was convicted of violating Health and Safety Code section 11351.5[.]"); see also Cal. Ct. R. 8.1115(b)(1) ("An unpublished opinion may be cited or relied on[ w]hen the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel[.]").

The court will construe the absence of any response from petitioner as evidence that he does not object to the dismissal of this action on mootness grounds.

    2. Respondent shall file a Response to petitioner's Memorandum no later than **May 26, 2009**.

Dated this 17th day of April, 2009.

                                                    /s/
                                   Fernando M. Olguin
                            United States Magistrate Judge